In re Eduardo Flores-Colón, Respondent.

No. 20.   Argued February 20, 1928.—Decided February 24, 1928.

L. Tormes for the respondent.

Mr. Justice Wolf delivered the opinion of the court.

By virtue of the Acts of 1909 and 1910 the Attorney General of Porto Rico has begun a proceeding to disbar Eduardo Flores Colón. Succintly the charges were: first, that after the said Eduardo Flores Colón had presented a suit in filiation on behalf of María Santiago, without her consent he compromised the suit for $3,000, appropriated the entire amount of $2,950 paid to him and never paid anything to said María Santiago; second, that he compromised another suit for about the sum of $100 and never turned over anything to his client, Ramona Pérez; third, that he obtained

the sum of $230 by publishing an order of the District Court of Ponce authorizing edicts as certified to by the secretary, when in point of fact such order had never been signed by the judge or certified to by the secretary.

When this case was called for hearing the attorney for Eduardo Flores Colón arose and told this court that he had investigated the charges, examined the witnesses and felt bound to confess that the averments in the petition were true. Likewise that he was authorized by his client to make the confession. He only asked that the court be merciful. Counsel stated that after these proceedings had been begun, at the instance of Eduardo Flores Colón he had turned $900 to María Santiago.

With respect to the third charge counsel urged that the falsity of the publication would be harmless, as it would have to be scrutinized and examined by the officials of the court before it took effect. Potentially, however, the falsification of court orders may be productive of the very greatest of mischiefs and is probably the least excusable of the offences charged. If attorneys are faithless to the courts of which they are officers, they seriously imperil the administration of justice.

With respect to the other two charges, while there is a realization of the fact that Eduardo Flores Colón was tempted, yet he has shown us no excuse for appropriating the various amounts to his own use. When it is remembered that in each of the two cases his clients were women, the offences are aggravated. In the first charge, moreover, the compromise was clearly made without the consent of his client.

We can find no reason for a mitigation of judgment in this case. We feel bound to disbar the defendant and to include in the judgment an order for the retirement of his privilege of being a notary in the Island of Porto Rico.